Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LYDIA ESTHER REYES RAMOS<br><br>Apelante<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE RURAL DEVELOPMENT t/c/c ADMINISTRACIÓN DE HOGARES DE AGRICULTORES; HÉCTOR NUÑES, FULANA DE TAL y la Sociedad Legal de Gananciales constituida entre ambos<br><br>Apelados | KLAN202400085 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Núm.: MT2023CV00617 (403)<br><br>Sobre: Daños y Perjuicio, Interdicto Permanente, Sentencia Declaratoria |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante nos la señora Lydia Esther Reyes Ramos ("Sra. Reyes Román" o "Apelante") mediante *Apelación,* presentada el 29 de enero de 2024. Nos solicita que revoquemos la *Sentencia* emitida y notificada el 8 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario desestimó sin perjuicio la demanda de epígrafe. En desacuerdo, la Sra. Reyes Román solicitó la reconsideración del dictamen, el cual fue declarado *No Ha Lugar* mediante *Resolución* emitida y notificada el 28 de diciembre de 2023.

Por los fundamentos expuestos a continuación, **revocamos** la *Sentencia* apelada.

Número Identificador

SEN(RES)2024_____

**I.[1]**

Los hechos que originan la presente controversia surgen cuando en el año 2014, United States Department of Agriculture/Rural Development, también conocido como Administración de Hogares de Agricultores ("Rural Development") instó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria contra la Sra. Reyes Ramos (CD2014-0151). En síntesis, alegó que el 17 de mayo de 1982, la Sra. Reyes Ramos suscribió un pagaré por la suma de $37,000.00, el cual estaba garantizado con una propiedad ubicada en el pueblo de Barceloneta. Sostuvo que la Apelante había incumplido con el pago de las mensualidades y adeudaba una cantidad de $172,456.86, más los intereses. Por lo cual, solicitó que se ordenara el pago de las sumas reclamadas y de no efectuarse el pago, que se procediera a vender la propiedad en pública subasta.

Así las cosas, el 10 de septiembre de 2014, se llevó a cabo la *Conferencia con Antelación a Juicio y Conferencia Transaccional*, en donde se informó que la Sra. Reyes Ramos se allanaba a que se dictara sentencia. En vista de ello, el 26 de septiembre de 2014, se dictó *Sentencia* en la que se condenó a la Sra. Reyes Ramos a sufragar la deuda reclamada en la demanda.

Transcurridos varios trámites que son inmeritorios reseñar, el 30 de septiembre de 2021, el foro primario emitió *Orden*, en la que autorizó la venta en pública subasta de propiedad. Asimismo, emitió el correspondiente *Mandamiento*. En desacuerdo, la Apelante presentó un escrito intitulado *Urgente moción de nulidad de sentencia reiterando paralización de subasta y solicitud de vista evidenciaria*. Mediante este, solicitó la paralización de los procedimientos toda vez que había incumplido con las disposiciones de la *Ley para Mediación Compulsoria y Preservación de tu Hogar en*

---

[1] Los hechos reseñados en el presente dictamen surgen del expediente apelativo del caso KLCE202200607.

*los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal*, Ley Núm. 184 de 17 de agosto de 2012, según enmendada, 32 LPRA sec. 2881, ("Ley Núm. 184-2012"). Mediante *Orden* emitida el 20 de abril de 2022, notificada el 25 del mismo mes y año, el foro primario declaró *No Ha Lugar* la solicitud de paralización.

Al próximo día, se procedió a la venta en pública subasta de la propiedad. Inconforme aun, la Apelante presentó un escrito al foro primario en el cual solicitó que se decretara la nulidad de la subasta.[2] El 9 de mayo de 2022, el foro primario emitió *Orden* en la que denegó nuevamente la solicitud y posteriormente, el 31 de mayo de 2022, se ordenó el lanzamiento de la Apelante de la propiedad.

En desacuerdo con tales determinaciones del foro primario, el 8 de junio de 2022, la Apelante acudió ante esta Curia mediante *Petición de Certiorari* (KLCE202200607). Mediante *Resolución* emitida el 27 de junio de 2022, un panel hermano determinó denegar la expedición del auto. Tras varios trámites ante esta Curia, el 9 de agosto de 2022, la Apelante presentó un recurso de *certiorari* ante el Tribunal Supremo (CC-2022-530), el cual emitió *Resolución* el 21 de octubre de 2022 denegando expedir el auto solicitado.

Así las cosas, el 28 de agosto de 2023, la Sra. Reyes Ramos incoó *Demanda Jurada*[3] de epígrafe sobre daños y perjuicios, interdicto y sentencia declaratoria contra Rural Development y el señor Héctor Núñez. En síntesis, alegó que el 6 de marzo de 2014, Rural Development incoó una demanda sobre cobro de dinero y ejecución de hipoteca, y a la fecha de la presentación de la misma "se hallaba incapacitada mentalmente para manejar sus fondos y necesitaba ser representada en cualquier procedimiento judicial por un defensor judicial o tutor". Añadió que contaba con evidencia

---

[2] Cabe destacar que en la solicitud no se alegó que la Sra. Reyes Ramos no ostenta capacidad para comprender los procesos en su contra.
[3] Apéndice recurso, págs. 1-16.

documental sobre la incapacidad mental de la Apelante antes de la presentación de la referida demanda de ejecución de hipoteca.

Señaló que, el 16 de junio de 2023, el psiquiatra Elías R. Jiménez Olivo ("Dr. Jiménez Olivo") emitió una carta a la Administración del Seguro Social, indicando que debía ser incapacitada. Adujo que su incapacidad para manejar sus fondos viciaba de nulidad la sentencia del caso de ejecución de hipoteca y que en dicho procedimiento nunca estuvo representada por un tutor o defensor judicial. Por tales razones, solicitó que se dictara sentencia declaratoria e interdicto permanente, a los fines de que cesara la apropiación ilegal de su vivienda y pueda regresar a su hogar. Solicitó, además, una suma de $500.00 por los daños y angustias mentales sufridas en el proceso de ejecución de hipoteca.[4]

Luego de varias incidencias, el 9 de noviembre de 2023, se expidieron los emplazamientos.[5] El mismo día, el foro primario emitió y notificó *Orden* en la que dispuso lo siguiente: "Ante la alegación de incapacidad de la demandante levantada en la demanda, aclare la representación legal cual es la capacidad que ostenta esta para instar la presente causa de acción. Tiene 20 días."[6]

Así, el 5 de diciembre de 2023, la Apelante presentó *Moción solicitando nombramiento de defensor judicial.*[7] Por virtud de esta, señaló que según las conclusiones del Dr. Jiménez Olivo, la Apelante no tenía capacidad "para entender y desenvolverse en los asuntos cotidianos de la vida. No posee capacidad para tomar decisiones respecto a su persona y bienes." Por tanto, sostuvo que era un hecho incontrovertible que necesitaba un defensor judicial. A esos fines,

---

[4] Se acompañó la demanda con una *Declaración Jurada* suscrita por la Apelante. *Íd,* pág. 17.
[5] Véase entrada número 7 del expediente electrónico del caso MT2023CV00617 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").
[6] Apéndice recurso, pág. 21.
[7] *Íd,* págs. 22-24.

recomendó al señor Carlos R. Cruz Reyes ("Sr. Cruz Reyes"), su hijo, para realizar dicha tarea.

Evaluada la petición de la Sra. Reyes Ramos, el 8 de diciembre de 2023, el foro *a quo* emitió y notificó *Sentencia*, en la que desestimó sin perjuicio la demanda. Fundamentó su determinación en que, a pesar de la presunción que goza toda persona mayor de edad de que cuenta con capacidad legal para regir sus bienes y su persona, la Apelante cuestiona su propia capacidad y además, la demanda no se presentó mediante un tutor o apoderado. Por tanto, determinó que producto de las alegaciones de la propia Apelante en las cuales cuestiona su capacidad, no procede la continuación del pleito. A su vez, concluyó que no procedía la figura de un defensor judicial.

En desacuerdo con el dictamen emitido, el 21 de diciembre de 2023, la Apelante presentó *Moción de Reconsideración* y una *Demanda Jurada Enmendada,* en la que incluyó a su hijo como defensor judicial.[8] Mediante *Resolución* emitida y notificada el 28 de diciembre de 2023, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración.[9]

Inconforme aún, el 29 de enero de 2024, la Sra. Reyes Ramos acudió ante esta Curia y le imputó al foro primario la comisión de los siguientes errores:

> Erró y abusó de su discreción el foro de instancia al dictar su sentencia mediante la cual desestimó sin perjuicio la demanda sin haber adquirido jurisdicción sobre las partes demandadas porque no han sido emplazadas ni ha concluido el término de 120 días para que la parte apelante diligencie los emplazamientos a las partes demandadas. Por tanto, la sentencia emitida por el foro de instancia es nula y la parte apelante debe ser relevada de la misma conforme a la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V R.49.2.

> Erró y abusó de su discreción el foro de instancia al desestimar la demanda sin perjuicio aduciendo que la parte apelante debió comparecer al foro de instancia mediante tutor cuando el ordenamiento jurídico no exige como requisito *sine que non* que una parte incapacitada mentalmente o sobre cuya capacidad

---

[8] *Íd,* págs. 29-57.
[9] *Íd,* pág. 58.

mental haya duda acuda necesariamente al Tribunal de Justicia en primera instancia representada por tutor o defensor judicial. Lo que sí exige el ordenamiento jurídico es que el foro de instancia pauta una vista para dirimir la capacidad mental de una parte que alegue incapacidad mental o haya duda sobre la capacidad mental de una parte.

Erró y abusó de su discreción el foro de instancia al desestimar sin perjuicio la demanda aduciendo que la parte apelante debió comparecer representada por tutor, pero soslaya que la parte apelante compareció en su demanda representada por los abogados suscribientes, solicitó oportunamente que se le nombrara defensor judicial, enmendó su demanda para ser representada por defensor judicial y los abogados suscribientes y más importante aún, el foro de instancia no llevó a cabo vista para dirimir el asunto medular de la falta de capacidad mental para manejar sus finanzas de la parte apelante en contravención del ordenamiento jurídico.

Examinado el recurso de epígrafe, procedemos a exponer la normativa jurídica aplicable a la controversia que aquí nos ocupa.

## II.
### A. *Defensor judicial*

El Artículo 100 del Código Civil de Puerto Rico de 2020 (en adelante "Código Civil"), establece la presunción de capacidad, disponiendo lo siguiente:

> Se presume la capacidad de la persona natural mayor de edad, de obrar por sí misma. Contra esta presunción solo se admite la sentencia de incapacitación absoluta o de restricción parcial de la capacidad por las causas y la extensión que determina la ley. 31 LPRA sec. 5601.

En los casos en los que se alegue la falta de capacidad —absoluta o parcial— de una persona mayor de edad o de un menor emancipado, se puede solicitar su incapacitación. La misma puede ser solicitada por "[e]l cónyuge, siempre que convivan a la fecha de la solicitud; los progenitores; y, en todos los casos, cualquier pariente con plena capacidad de obrar que tenga derecho a sucederle o el defensor judicial que el tribunal designe". Artículo 110 del Código Civil, 31 LPRA sec. 5631.

El defensor judicial es "un tutor especial si se quiere, nombrado [por el tribunal] para que represente a un incapacitado o a un menor

en un pleito en específico". *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 486 (2019), citando a *Crespo v. Cintrón*, 159 DPR 290, 300 (2003). Este nombramiento procede en virtud del *parens patriae* que ostenta el Estado, cuyo objetivo principal es asegurar el bienestar de los menores o incapacitados. *Íd.*

Cónsono con lo anterior, la Regla 15.2 de Procedimiento Civil, establece lo siguiente:

> (a) Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. **Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. Sin embargo, el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley.**
>
> (b) En los casos previstos en la última oración de la Regla 4.4(c),[10] y en la Regla 22.2,[11] el tribunal determinará sobre el estado mental de la parte y si es conveniente y procede el nombramiento de un defensor o una defensora judicial. 32 LPRA Ap. V., R.15.2. (Énfasis nuestro).

La precitada Regla impone la obligación de notificar al tribunal sobre la condición mental de la parte demandada, "o cuando exista fundamento para creer que una parte está incapacitada". J.A. Echevarría, *Procedimiento Civil Puertorriqueño*, 1ra ed., 2012, pág. 134. Una vez se alegue la falta de capacidad de un mayor de edad o

---

[10] El inciso (c) de la Regla 4.4 de Procedimiento Civil, *supra*, R.4.4 dispone lo siguiente:
> (c) A una persona que haya sido declarada judicialmente incapacitada y se le haya nombrado un tutor o tutora, entregando copia del emplazamiento y de la demanda a dicha persona y a su tutor o tutora. Si una persona que no haya sido declarada judicialmente incapacitada se encuentra recluida en una institución para el tratamiento de enfermedades mentales, deberá entregarse copia del emplazamiento y de la demanda a dicha persona y al director o directora de la institución. **En todos los demás casos en que la parte demandante, su abogado, abogada o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, deberá notificarlo al tribunal para que éste proceda de acuerdo con lo dispuesto en la Regla 15.2(b).** (Énfasis nuestro).

[11] La Regla 22.2 de Procedimiento Civil, *supra,* R.22.2, esboza que, si una parte queda incapacitada, previa moción, el tribunal podrá permitir que el pleito continúe por o contra su defensor judicial. 32 LPRA Ap. V, R. 22.2.

de un menor emancipado, **el tribunal deberá evaluar su estado mental y, si así lo determina y encuentra conveniente, puede designar un defensor judicial.** *Rivera y otros v. Bco. Popular*, 152 DPR 140, 159 (2000). Bajo ese criterio de conveniencia, el tribunal tiene la discreción de establecer cualquier otra medida para proteger los intereses de la parte incapacitada, a la vez que procura que el caso sea resuelto de una manera justa, rápida y económica. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 486 (2019).

Aun en los casos en que la parte este representada por abogado, "ello no exime al tribunal de su obligación de realizar una evaluación de la condición mental y tomar todas aquellas medidas que sean necesarias para proteger los intereses de esa parte pues la representación profesional por un abogado no necesariamente implica que los intereses de la persona incapacitada estén debidamente protegidos". J.A. Echevarría, *op cit.*, pág. 134, citando a *Rivera y otros v. Bco. Popular, supra.*

### III.

Expuesto el marco jurídico y analizados los planteamientos de la parte Apelante, procedemos a disponer de la controversia ante nuestra consideración.

La parte Apelante nos alega que erró el foro primario al desestimar la demanda de epígrafe, toda vez que no tenía jurisdicción para así hacerlo. En particular, sostiene que a la fecha en que se emitió la *Sentencia*, aún no había transcurrido el término de 120 días para diligenciar los emplazamientos a la parte demandada. Por lo cual, falta una parte indispensable para disponer del pleito. Añade que, ante las alegaciones incluidas en la demanda sobre la falta de capacidad de la Apelante, procedía que el foro primario celebrara una vista para dilucidar su estado mental.

Según expusimos, en nuestro ordenamiento se presume la capacidad de la persona natural mayor de edad, de obrar por sí

misma. 32 LPRA sec. 5601. "Contra esta presunción solo se admite la sentencia de incapacitación absoluta o de restricción parcial de la capacidad por las causas y la extensión que determina la ley." *Íd.* Una vez se alegue la falta de capacidad de un mayor de edad o de un menor emancipado, **el tribunal deberá evaluar su estado mental y, si así lo determina y encuentra conveniente, puede designar un defensor judicial.** *Rivera y otros v. Bco. Popular, supra.*

En el presente caso, la parte Apelante presentó una *Demanda Jurada,* en la que alegó que la *Sentencia* emitida por el foro primario en el caso de cobro de dinero y ejecución de hipoteca era nula, puesto que no tenía capacidad para comprender los procesos en su contra. En particular, arguyó que en dicho pleito la Apelante se hallaba incapacitada mentalmente para manejar sus fondos y que contaba con evidencia documental que sostenía dicha alegación. En vista de las alegaciones de la demanda, el foro primario solicitó a la representación legal de la Apelante que aclarara cual era la capacidad de su cliente para instar la reclamación, a lo que dicha parte solicitó el nombramiento de un defensor judicial.

Como puede observase, la propia Apelante alegó en su demanda que no cuenta con capacidad para comprender los procesos en su contra, por lo que solicitó la nulidad de la *Sentencia* y venta en pública subasta de su propiedad en el pleito CD2014-0151. Ello, pone de manifiesto la necesidad de que el foro primario constatara si la Apelante ostenta capacidad mental y si es conveniente la designación de un defensor judicial o de imponer cualquier otra medida cautelar. No obstante, el foro primario, sin esperar haber emitido una determinación sobre el estado mental de la Apelante, determinó que "un presento incapaz" no podía instar una demanda, para que luego se le nombrara un defensor judicial.

Contrario a lo resuelto por el foro primario, en el caso de autos no surge del expediente que se haya emitido un dictamen judicial

estableciendo la incapacidad de la Apelante. Aun cuando surge de la propia demanda, la cual fue jurada por la Apelante, que no cuenta con capacidad para comprender los procesos en su contra, la presunción de capacidad no ha sido rebatida según dispone nuestro ordenamiento. Por tanto, somos del criterio que erró el foro primario al desestimar la demanda. Siendo así, concluimos que procede que el presente pleito siga su curso ordinario y se proceda a emplazar a la parte demandada. Una vez sea emplazada la parte demandada, el foro primario deberá evaluar el estado mental de la Apelante, para determinar si procede y estima conveniente la designación de un defensor judicial, o emita cualquier otra medida cautelar.

**IV.**

Por los fundamentos expuestos, **revocamos** la *Sentencia* apelada. En consecuencia, devolvemos el caso ante el foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones